**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JASURBEK ABDURAKHMONOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-277-SLP |
| | ) | |
| CHRIS GANTT[1], et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Pending before the Court is the Report and Recommendation [Doc. No. 11] (R&R) of United States Magistrate Judge Suzanne Mitchell, recommending that the Court grant the Petition, [Doc. No. 1], and order Petitioner's immediate release.

On July 31, 2026, the Court issued an Order noting that Petitioner Jasurbek Abdurakhmonov's Petition for Writ of Habeas Corpus, [Doc. No. 1], appeared moot in light of the Respondents' representation that Petitioner was removed from the United States, on July 16, 2026. *See* Order [Doc. No. 22] at 1. The Order also indicated that unless counsel for Petitioner challenged the issue of mootness by August 7, 2026, the case would be dismissed without prejudice. *See id.* Petitioner nor his counsel filed any submission challenging the issue of mootness, nor did they request an extension of time to do so.

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of*

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

*Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996); *see also Alvarez v. Smith*, 558 U.S. 87 (2009). At all stages of the case, the parties must have a "'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). In other words, the petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable decision. *Spencer*, 523 U.S. at 7. Where the petitioner has been released from custody, their habeas claim is moot and should be dismissed, unless an exception to the mootness doctrine applies. *See Riley v. I.N.S.*, 310 F.3d 1253, 1256–57 (10th Cir. 2002).

Because Petitioner is no longer in the custody of United States Immigration and Customs Enforcement, the requested relief is no longer available and cannot be redressed by a decision of this Court. *See Sule v. I.N.S.*, 189 F.3d 478, at *1 (10th Cir. 1999) (unpublished table decision); *see also United States v. Quezada-Enriquez*, 567 F.3d 1228, 1231 (10th Cir. 2009) ("Once it becomes impossible for a court to grant effectual relief, a live controversy does not exist, and a case is moot.") (citation omitted). Furthermore, the Court does not find that any of the exceptions to the mootness doctrine apply. Accordingly, the Court finds that the case should be dismissed without prejudice as moot.

IT IS THEREFORE ORDERED that the Court DECLINES to ADOPT the Report and Recommendation [Doc. No. 11], Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] is DENIED as MOOT, and the matter is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

IT IS SO ORDERED this 12th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**